UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHOWERS OF HERBS, LLC; and
CHRISTOPHER TUCKER,

         Plaintiffs,

v.

DEPARTMENT OF HOMELAND
SECURITY; FEDERAL BUREAU OF
INVESTIGATION; THE PENTAGON; and
MARCELINO PAULME,

         Defendants.

_____/

Case No. 23-11122

F. Kay Behm
United States District Judge

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND
SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)**

I.     PROCEDURAL HISTORY

Plaintiffs, proceeding *pro se*, filed a complaint against the U.S. Department

of Homeland Security, the Federal Bureau of Investigation, the Pentagon, and

Marcelino Paulme on May 11, 2023. (ECF No. 1). Plaintiffs' allegations and

supporting exhibits are lengthy and appear to allege general wrongdoing involving

the "CIA Military Complex." (*Id.*, PageID.5). Plaintiffs list the following under the

section of their complaint seeking relief:

1

"Network Centric Warfare, Electronic Harassment, lost of limb, Gang
Stalking, Gang Mobbing, Attacking my family."

(*Id.*, PageID.6).

Plaintiffs filed an initial application to proceed *in forma pauperis* on May 11,

2023.  (ECF No. 2).  As an initial matter, only natural persons may qualify for

treatment *in forma pauperis* under 28 U.S.C. § 1915.  *Rowland v. California Men's*

*Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993).  Likewise,

Showers of Herbs, LLC cannot proceed *in forma pauperis,* and their application is

**DENIED.**  As to Plaintiff Christopher Tucker, the court finds the application

supports his claim and **GRANTS** his application to proceed *in forma pauperis.*

However, for the reasons set forth below, the court **DISMISSES** Plaintiffs'

complaint without prejudice because it is frivolous and fails to state a claim upon

which relief could be granted.

## II.     ANALYSIS

Because Plaintiff Tucker is proceeding *in forma pauperis*, his claims are

subject to the screening standards established in 28 U.S.C. § 1915(e)(2).  *Brown v.*

*Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000).  This subsection was included by

Congress with an understanding that "a litigant whose filing fees and court costs

are assumed by the public, unlike a paying litigant, lacks an economic incentive to

refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under this subsection, a claim may be dismissed by the court if it is "(i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim must also have "facial plausibility," meaning it includes facts sufficient to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct."  *Id.*

After a careful review of Plaintiffs' complaint, the court is unable to discern any cognizable cause of action.  Plaintiffs' statement of their claim includes allegations such as: "Telling me same as CIA in 2016, anything but laws.  The script premeditated," "After my wife and I married in the Philippines they started the game to make it look like it's in my head, I don't have an evil thought," and "CIA Military Complex Hitting everyone telling everyone how to do their lawsuit."  (ECF

3

No. 1, PageID.5).  From these statements, the court is wholly unable to discern

any concrete harm that could be redressed by judicial action.  Further, Plaintiffs'

complaint fails to mention any of the Defendants by name or demonstrate how

their actions could reasonably be related to Plaintiffs' alleged injuries.  Likewise,

Plaintiffs' complaint is dismissed as to Plaintiff Tucker pursuant to 28 U.S.C. §

1915(e)(2).

As to Plaintiff Showers of Herbs, because they cannot proceed *in forma*

*pauperis*, their claims are not subject to the screening standards in 28 U.S.C.

§ 1915(e)(2).  *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)

("§ 1915(e)(2) applies only to *in forma pauperis* proceedings.").  Nevertheless, "a

district court may, at any time, *sua sponte* dismiss a complaint for lack of subject

matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted).

A claim is frivolous where "it lacks an arguable basis either in law or fact."  *Neitzke*

*v. Williams*, 490 U.S. at 325 (citing *Anders v. California*, 386 U.S. 738 (1967)).  The

Sixth Circuit has stressed that *sua sponte* dismissal is "appropriate only in the

rarest of circumstances where…the complaint is deemed totally implausible."

*Apple,* 183 F.3d at 480.  As stated above, Plaintiffs' complaint contains only

unclear, rambling allegations and fails to include any facts supporting a legal basis

for relief.  Likewise, Plaintiffs' complaint also meets the standard for *sua sponte*

dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

## III.   CONCLUSION

After a careful review of Plaintiffs' complaint, the court finds that it is both

frivolous and fails to state any claim upon which relief could be granted.

Therefore, while Plaintiffs' application to proceed *in forma pauperis* is **GRANTED**

**IN PART,** their complaint is **DISMISSED** without prejudice.

**SO ORDERED**.

Date: May 25, 2023                              s/ F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge